AMBER R. McNEILL
v.
LEONARD KEITH McNEILL
No. COA07-679
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Moser Schmidly & Roose, by Stephen S. Schmidly, for Defendant-Appellant.
No brief for Plaintiff-Appellee.
STEPHENS, Judge.
On 2 January 2007, Plaintiff Amber R. McNeill filed a complaint seeking a 50B Domestic Violence Protective Order against Defendant Leonard Keith McNeill. At the time of this filing, the Court granted Plaintiff an Ex Parte Domestic Violence Protective Order pending a hearing on Plaintiff's complaint. The matter was heard by Judge Peele on 9 February 2007. After the hearing, the trial court entered a permanent Domestic Violence Protective Order that expired by its terms on 8 August 2007. From this order, Defendant appeals.

I. Evidence
The evidence presented to the trial court tended to show the following: Plaintiff and Defendant were married to each other onor about 5 July 2002 and had two children together. Plaintiff and Defendant separated in August 2004. The minor children continued to live with Plaintiff.
The parties made arrangements for Defendant to take care of the children at Plaintiff's residence on 19 December 2006 while Plaintiff visited a friend in Greensboro, North Carolina. Throughout that day, the parties had several telephone conversations and sent each other several text messages regarding Defendant's staying with the children that evening. Defendant arrived at Plaintiff's residence between 6:30 and 7:00 p.m. and, shortly thereafter, Plaintiff left for Greensboro.
After Plaintiff left the residence, the parties exchanged several telephone calls about how long Plaintiff was going to be gone. When the calls became more hostile, Defendant called Plaintiff's parents to see if they could come to Plaintiff's residence to watch the children so he could return home. At approximately 10:00 p.m., Plaintiff's father arrived at Plaintiff's residence, and Defendant went home. As Defendant was returning home, he called 911 in Randolph County and asked that a deputy be sent to his house because Plaintiff had previously come to his house and done damage to it.
After Defendant arrived at his house and went inside, he heard a knock at the door. When he asked who it was, the voice answered that it was the Sheriff's Department, and Defendant opened the door. Plaintiff was at the door, not the Sheriff's Department. When Plaintiff tried to push her way into Defendant's residence, Defendant punched Plaintiff once in the face and several times in the head. A struggle ensued between the parties and they ended up on Defendant's gravel driveway. Defendant got on top of Plaintiff, pinned her to the ground, and banged her head repeatedly on the gravel. Plaintiff's friend, who had been waiting in her own car at the top of Defendant's driveway, pulled up the driveway, left her lights on, and got out of her car. She yelled at Defendant to get off of Plaintiff and started pulling Plaintiff out from underneath him.
After Plaintiff got free, Defendant ran inside his home and locked the door. While he was dialing 911, Plaintiff threw a concrete block through the window of Defendant's residence and attempted to reach through the broken window. Plaintiff and her friend then left and drove to another friend's house. Plaintiff had a black eye, blood on her face, head, and shirt, and cuts on her hands. Defendant sustained scratches and a bite mark on his arm.
Upon this evidence, the trial judge found, inter alia, that "D[efendant] [] struck P[laintiff] a sharp blow with more force [than] was necessary; he banged her head on the gravel driveway[.]" Based on his factual determinations, the judge concluded that "[D]efendant has committed acts of domestic violence against . . . [P]laintiff."

II. Discussion
By Defendant's three assignments of error, he argues the trial court failed to properly apply the law of defense of habitation and self-defense and, thus, erred in concluding that Defendant committed acts of domestic violence. Specifically, Defendant argues that the striking of Plaintiff by Defendant cannot be found to be excessive when defense of habitation is considered and that the trial court's finding that excessive force was used is not supported by the evidence.
Appellate review of findings of fact and conclusions of law made by a trial court, without a jury, is limited to a determination of whether there is competent evidence to support the trial court's findings of fact and whether, in light of those findings, the trial court's conclusions of law were proper.Shear v. Stevens Bldg. Co., 107 N.C. App. 154, 418 S.E.2d 841 (1992). Moreover, "[f]indings of fact by a trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings." Id. at 160, 418 S.E.2d at 845.
An act of domestic violence includes intentionally causing bodily injury to a former spouse, but does not include acts of self-defense. N.C. Gen. Stat. § 50B-1 (2005). In defining the common law right of self-defense, the North Carolina Supreme Court stated:
Ordinarily, when a person who is free from fault in bringing on a difficulty [] is attacked in his own home or on his own premises, the law imposes on him no duty to retreat before he can justify his fighting in self defense, regardless of the character of the assault, but is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault and secure himself from all harm. This, of course, would not excuse the defendant if he used excessive force in repelling the attack and overcoming his adversary.
State v. Johnson, 261 N.C. 727, 729-30, 136 S.E.2d 84, 86 (1964).
In defining the common law defense of habitation, the North Carolina Supreme Court stated:
When a trespasser enters upon a man's premises, makes an assault upon his dwelling, and attempts to force an entrance into his house in a manner such as would lead a reasonably prudent man to believe that the intruder intends to commit a felony or to inflict some serious personal injury upon the inmates, a lawful occupant of the dwelling may legally prevent the entry, even by the taking of the life of the intruder. Under those circumstances, "the law does not require such householder to flee or to remain in his house until his assailant is upon him, but he may open his door and shoot his assailant, if such course is apparently necessary for the protection of himself or family. . . . But the jury must be the judge of the reasonableness of defendant's apprehension." A householder will not, however, be excused if he employs excessive force in repelling the attack, whether it be upon his person or upon his habitation.
State v. Miller, 267 N.C. 409, 411, 148 S.E.2d 279, 281 (1966) (quotation marks and citations omitted).
Accordingly, the law is clear that although a defendant may use force in defense of habitation and self-defense, a defendant is never excused from using excessive force in repelling an attack, and the determination of whether the force used was excessive is a question of fact for the jury.
Here, in a non-jury trial, the trial court found that "D[efendant] [] struck P[laintiff] a sharp blow with more force[than] was necessary; he banged her head on the gravel driveway[.]" The evidence presented at trial supporting this finding included Defendant's testimony that when he opened the door, Plaintiff "pushe[d] her way in[,]" but "she never [got] inside the house." Plaintiff testified that as soon as Defendant opened the door, he hit her with a closed fist across the cheekbone and the bridge of her nose and several times in the head. Plaintiff sustained a black eye from Defendant's blow while Defendant did not sustain any injuries from this initial encounter. When the parties ended up in Defendant's driveway, Defendant got on top of Plaintiff, pinned her to the ground, and banged her head repeatedly on the gravel. After the confrontation, Plaintiff had a black eye, blood on her face, head, and shirt, and cuts on her hands.
This evidence is sufficient to support the trial court's finding that Defendant used more force than was necessary in repelling Plaintiff. Furthermore, this finding supports the trial court's conclusion that Defendant committed acts of violence against Plaintiff pursuant to N.C. Gen. Stat. § 50B-1. Accordingly, Defendant's assignments of error are overruled.
AFFIRMED.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).